UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHAUN JOHNSON, )
 )
    Plaintiff, )
 )  No. 2:16-CV-00045-JRG-CLC
v. )
 )
SHELLY NUCHOLS, *et al.*, )
 )
    Defendants. )

## **MEMORANDUM OPINION**

This is a pro se prisoner's civil rights complaint filed pursuant to 28 U.S.C. § 1983. Now before the Court is Defendant Amanda Hinds's motion for summary judgment [Doc. 33]. Along with her motion for summary judgment, Defendant filed a memorandum in support thereof, a statement of material facts, and two affidavits [Docs. 34–37]. Plaintiff has not filed a response to this motion and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. Based on the reasons set forth below, Defendant Hinds's motion for summary judgment [Doc. 33] will be **GRANTED**, and this action will be **DISMISSED**.

**I.    Procedural History**

Acting pro se, Shaun Johnson ("Plaintiff"), an inmate confined in the Morgan County Correctional Complex ("MCCX"), submitted a civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 1]. On March 22, 2017, after screening the Complaint in accordance with the Prison Litigation Reform Act ("PLRA"), the Court permitted Plaintiff to advance his claims against Defendant Hinds and dismissed all other Defendants from this action [Doc. 6].

On September 25, 2017, Defendant Hinds filed her first motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Docs. 11]. Plaintiff responded in opposition and filed two of his own motions for summary judgment [Docs. 19, 25]. Defendant Hinds filed responses in opposition to both of Plaintiff's summary judgment motions [Docs. 21, 26]. On September 10, 2018, this Court denied all pending motions for summary judgment and scheduled this case for trial on September 3, 2019.

On March 18, 2019, Defendant Hinds filed her second motion for summary judgment [Doc. 33]. No response in opposition has been filed.

## II. Allegations of the Complaint

Plaintiff alleges that his constitutional rights were violated and his safety placed in jeopardy when Defendant Hinds allowed "non-maximum security, non-mental health inmates" to work in the mental health unit even after he filed complaints warning Hinds of potential harm [Doc. 3 at 7]. Plaintiff complained to Hinds that the non-mental health inmates get violent and aggressive toward the mentally ill inmates when they act out due to their illness [*Id.*]. Plaintiff asserts that Hinds ignored his complaints [*Id.*].

On October 20, 2015, inmate Cortez, a non-mental health inmate was working in the mental health unit where Plaintiff resided [*Id.* at 8]. While Plaintiff was talking to Correctional Officer York through the pie flap in his cell door, Cortez swung a broomstick through the pie flap hitting Plaintiff in the face and knocking out three of his teeth [*Id.*].

Although not specifically set forth in the Complaint, this Court interprets Plaintiff's allegations against Defendant as a failure to protect claim under the Eighth Amendment. The Eighth Amendment prohibits prisons from inflicting cruel and unusual punishment on prisoners. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane

ones." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Eighth Amendment does, however, impose a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. Nevertheless, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To establish an Eighth Amendment claim that a prison official failed to protect an inmate, the inmate must show that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 828; *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). "To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294, *quoting Farmer*, 511 U.S. at 829, 847. Generally, an isolated or occasional attack is insufficient to state an Eighth Amendment claim. *See Stewart v. Love*, 696 F.2d 43, 44 (6th Cir. 1982).

### III. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotation marks omitted).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

## IV.    Analysis

Defendant is employed by Corizon Health, Inc. as the Behavioral Health Administrator at the MCCX [*Declaration of Amanda Hinds*, ¶ 3]. Defendant moves this Court to grant her Motion for Summary Judgment and dismiss her from this action on the grounds that she had no authority,

4

control, or responsibility concerning which inmates were permitted access to Plaintiff's unit [Doc. 34 at 1].

In support of her motion for summary judgment, Defendant has filed an affidavit establishing that "[a]t all times pertinent hereto, [she] ha[s] been unaware of any threat, general or specific, to the Plaintiff arising from the practice of allowing non-mental health and/or non-maximum-security inmates access to work in the Plaintiff's mental health unit" [*Declaration of Amanda Hinds*, ¶ 5]. Defendant testifies that "[p]rior to the alleged assault mentioned in the Complaint, Plaintiff never complained about the practice of allowing non-mental health and/or non-maximum-security inmates access to work in the Plaintiff's mental health unit" [*Declaration of Amanda Hinds*, ¶ 6]. On each occasion of which Defendant is aware that Plaintiff made a claim that his civil rights were being violated, Defendant states that she advised Plaintiff that such matters are not under her control and that he should instead proceed with a grievance through the proper channels [*Declaration of Amanda Hinds*, ¶ 7].

Shawn Phillips, the Warden of the MCCX, confirmed in his declaration under oath that "[a]t no time during her employment has Defendant [ ] had any authority, control or responsibly concerning which inmates are permitted to access or work in the Plaintiff's unit at MCCX" [*Declaration of Shawn Phillips*, ¶ 5].

Based on the evidence provided, Defendant has met her burden to set forth proof that she had no authority, control, or responsibility concerning which inmates were permitted access to Plaintiff's unit at the time of the alleged attack by another inmate. Accordingly, the asserted Eighth Amendment claim regarding Defendant's failure to protect Plaintiff cannot be met as "a defendant cannot be liable for any purported constitutional violations over which they had no control" *See Monell v. New York Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has not filed

5

any response in opposition to Defendant's motion for summary judgment, and nothing in the record genuinely disputes this proof in the manner required. Fed. R. Civ. P. 56(c). As such, Defendant has conclusively shown that no genuine issue of material fact remains for trial and she is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 33] will be **GRANTED** and this action will be **DISMISSED**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE